IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN A. ASHELMAN, | : CIVIL ACTION NO. 1:24-CV-766 |
| Plaintiff | : |
| v. | : |
| PRIMECARE MEDICAL INC, *et al.*, | : |
| Defendants | : (Judge Conner) |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Sean A. Ashelman, alleges civil rights violations arising from a purported denial of medical care in July 2022 and two purported assaults in October 2022. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without prejudice for failure to state a claim upon which relief may be granted. Ashelman will be granted leave to file an amended complaint that is limited to his claims arising from the October 2022 assaults.

**I.    Factual Background & Procedural History**

Ashelman, an inmate in SCI-Houtzdale who was incarcerated in Schuylkill County Prison at all relevant times, filed his complaint on May 7, 2024. (Doc. 1). According to the complaint, Ashelman was in Schuylkill County Prison's outdoor recreation yard on July 31, 2022, when a finger on his left hand "became dislocated" from an unspecified cause. (Id. at 4). He went to the prison's medical department, but the physician and physician's assistant who were present allegedly "failed to pop it back into [its] socket." (Id.) Ashelman was transported to an outside hospital

later that day, where medical professionals relocated the finger. (Id.) He alleges that he suffered three hours of "pain [and] suffering without pain medicine" due to the prison's initial failure to treat his injury. (Id.)

The complaint further alleges that on October 31, 2022, defendant Selegrade, a correctional officer in the prison, "assaulted" Ashelman in an unspecified manner, which caused his finger to again become dislocated. (Id.) Ashelman was then placed in a "locked cage/cell" to wait for sheriffs to transport him to the county courthouse for a trial. (Id.) Defendant Ramenez, another correctional officer in the prison, then "assaulted" Ashelman in an unspecified manner. (Id.) The complaint alleges that the warden of the prison, a sergeant in the prison, and a lieutenant in the prison, all of whom are named as John Doe defendants, knew that Selegrade and Ramenez had a history of assaulting inmates but disregarded this risk. (Id.) The complaint alleges that defendants' actions constitute cruel and unusual punishment and deliberate indifference. (Id. at 5). The complaint seeks injunctive relief, compensatory damages, and punitive damages. (Id.)

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

### III.  Discussion

Ashelman brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, we will dismiss Ashelman's denial of medical care claims because they are not properly joined to his claims arising from the alleged assaults by defendants Selegrade and Ramenez.  Under Federal Rule of Civil Procedure 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Based on the four corners of the complaint, we conclude that there is no basis for Ashelman's medical care claim and his claims arising from the alleged assaults to be joined.  The only factual connection between the claims is that they involved injuries to the same finger on Ashelman's left hand.  This is not a sufficient basis to

4

find that there is a common question of law or fact between the claims. The denial of medical care allegedly occurred three months before the alleged assaults, and there is no basis to infer that the assaults occurred because of the denial of medical care or that they were connected to the denial of medical care in any other way.

District courts have two options when claims have been improperly joined in violation of Rule 20: (1) dismiss the improperly joined claims without prejudice on "just terms" or (2) sever the claims into separate lawsuits. See Fed. R. Civ. P. 21; DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006). Whether to dismiss or sever misjoined claims is committed to the court's discretion. Id. But courts may only dismiss the improperly joined claims if doing so would be just, "that is, if doing so 'will not prejudice any substantial right'" of the plaintiff. Id. (internal emphasis omitted) (quoting Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972)). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." Id.

Dismissal of Ashelman's medical care claims would not impact his ability to meet the statute of limitations. The claims are subject to Pennsylvania's two-year statute of limitations for personal injury actions. Moore v. Walton, 96 F.4th 616, 622 (3d Cir. 2024). Because the underlying facts occurred on July 31, 2022, he would have more than two months to refile the claims in separate lawsuits before the earliest possible end of the limitations period on July 31, 2024. Considering this fact, we will exercise our discretion to dismiss Ashelman's denial of medical care claims from this lawsuit as improperly joined in violation of Rule 20.

5

Turning to the merits of Ashelman's complaint, we find that the complaint fails to state a claim upon which relief may be granted with respect to the alleged assaults by defendants Selegrade and Ramenez. The only allegations against these defendants are the conclusory assertions that they "assaulted" Ashelman on October 31, 2022. (Doc. 1 at 4). These conclusory assertions are not sufficient to state a claim upon which relief may be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 8 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007))). Absent any allegations as how defendants assaulted Ashelman, the complaint does not state a claim upon which relief may be granted against Selegrade, Ramenez, or the John Doe supervisory defendants who allegedly failed to prevent the assaults from happening. Hence, we will dismiss these claims.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We conclude that leave to amend is appropriate with respect to the claims arising from the alleged assaults on October 31, 2022, because the claims are factually, rather than legally, deficient. Leave to amend will be denied with respect to the improperly joined claims alleging denial of medical care.

**IV.      Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  Ashelman will be granted leave to file an amended complaint that is limited to his claims arising from the alleged assaults in October 2022.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     May 15, 2024